```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
BRIAN WILLIAM SCHUMAKER,       :
                              :
         Petitioner,          :    Civ. No. 20-18655 (NLH)
                              :
    v.                        :    OPINION
                              :
                              :
DAVID E. ORTIZ,               :
                              :
         Respondent.          :
_____:
```

APPEARANCES:

Brian William Schumaker
59309-019
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Brian William Schumaker has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that the trial court was without jurisdiction to try his criminal case because of a treaty between the United States and Canada. ECF No. 1. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

    A jury in the Northern District of Georgia convicted Petitioner of traveling to engage in a sexual act with a minor, 18 U.S.C. § 2241(c); using a computer to entice a minor to

engage in sexual activity, 18 U.S.C. § 2422(b); and possessing child pornography, 18 U.S.C. § 2252(a)(4)(B). United States v. Brian Schumaker, No. 1:07-cr-00289 (N.D. Ga. Aug. 2, 2011) (ECF No. 302).[1] The trial court sentenced him to a total of 360-months imprisonment. Id. The United States Court of Appeals for the Eleventh Circuit affirmed the convictions and sentence. United States v. Schumaker, 479 F. App'x 878 (11th Cir.) (per curiam), cert. denied, 568 U.S. 926 (2012).

In his § 2241 petition, Petitioner argues that "[t]he decision to either 'detain, prosecute, or punish' the petitioner based upon the true findings of fact that 'Neither [of the alleged victims] actually exist'"[2] violated a 1976 extradition treaty between the United States and Canada. ECF No. 1 at 2. He asserts he should have been immediately deported to Canada with restrictions on re-entry. Id. at 6. He asks for "[r]eview of the issue before a constitutionally protected 7th amendment jury trial." Id. at 7.

---

[1] The Court takes judicial notice of these public filings.

[2] The Court understands this "finding" to refer to the magistrate judge's statement in her Final Report and Recommendation that the persons with whom Petitioner was attempting to arrange for a sexual encounter "were characters being role-played online by male and on the phone by female law enforcement officers primarily working for the FBI's 'Safe Child' task force out of offices in Atlanta." Schumaker v. United States, No. 1:07-CR-289, 2015 WL 13735085, at *2 (N.D. Ga. Oct. 30, 2015), report and recommendation adopted, No. 1:07-CR-289, 2016 WL 3251997 (N.D. Ga. June 13, 2016).

2

II. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

III. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x

3

87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

4

Once again,[3] Petitioner raises an argument that was rejected by the trial court during his § 2255 proceedings.  Schumaker v. United States, No. 1:07-cr-289, 2016 WL 3251997, *5 (N.D. Ga. June 13, 2016) ("The Court previously considered and rejected Schumaker's arguments . . . that the Court lacked jurisdiction over him, including based on certain treaties and international law.").  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Therefore, this Court lacks jurisdiction to consider the claim under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner has already filed a motion under § 2255, he cannot file a second or successive motion without the permission of the Eleventh Circuit.  28 U.S.C. §§ 2244, 2255(h).  The Court finds that it is not in the interests of justice to transfer the petition

---

[3] Shumaker v. Ortiz, No. 20-1847 (D.N.J. Oct. 2, 2020).

because it does not appear Petitioner can meet the standards for filing a second or successive § 2255 motion. Nothing in this opinion should be construed as preventing Petitioner from asking permission from the Eleventh Circuit himself if he so chooses.

IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus shall be dismissed for lack of jurisdiction.

An appropriate order will be entered.


Dated: July 9, 2021            s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.