```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
BRIAN WILLIAM SCHUMAKER,             :
                                    :
        Petitioner,                  :   Civ. No. 20-18655 (NLH)
                                    :
    v.                               :   OPINION
                                    :
                                    :
DAVID E. ORTIZ,                      :
                                    :
        Respondent.                  :
_____:

APPEARANCES:

Brian William Schumaker
59309-019
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

   On July 9, 2021, this Court dismissed Brian William Schumaker's petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.  ECF No. 3.  Petitioner now moves to alter or amend that order under Federal Rule of Civil Procedure 59(e).  ECF No. 4.  For the reasons expressed below, this Court will deny the motion.

I.  BACKGROUND

   A jury in the Northern District of Georgia convicted Petitioner of traveling to engage in a sexual act with a minor, 18 U.S.C. § 2241(c); using a computer to entice a minor to

engage in sexual activity, 18 U.S.C. § 2422(b); and possessing child pornography, 18 U.S.C. § 2252(a)(4)(B).  United States v. Brian Schumaker, No. 1:07-cr-00289 (N.D. Ga. Aug. 2, 2011) (ECF No. 302).[1]  The trial court sentenced him to a total of 360-months imprisonment.  Id.  The United States Court of Appeals for the Eleventh Circuit affirmed the convictions and sentence. United States v. Schumaker, 479 F. App'x 878 (11th Cir.) (per curiam), cert. denied, 568 U.S. 926 (2012).

In his § 2241 petition, Petitioner argued the "[t]he decision to either 'detain, prosecute, or punish' the petitioner based upon the true findings of fact that 'Neither [of the alleged victims] actually exist'"[2] violated a 1976 extradition treaty ("1976 Treaty") between the United States and Canada. ECF No. 1 at 2.  He argued the 1976 Treaty "states that a Canadian can only be punished if 'these offenses are punishable by the laws of both' countries.  Article 12 then states that an

---

[1] The Court takes judicial notice of these public filings.

[2] The Court understands this "finding" to refer to the magistrate judge's statement in her Final Report and Recommendation denying Petitioner motion under 28 U.C.C. § 2255 that the persons with whom Petitioner was attempting to arrange for a sexual encounter "were characters being role-played online by male and on the phone by female law enforcement officers primarily working for the FBI's 'Safe Child' task force out of offices in Atlanta." Schumaker v. United States, No. 1:07-CR-289, 2015 WL 13735085, at *2 (N.D. Ga. Oct. 30, 2015), report and recommendation adopted, No. 1:07-CR-289, 2016 WL 3251997 (N.D. Ga. June 13, 2016).

2

accused person, 'shall NOT be detained, tried, or punished' for any such accusation." Id. at 6.  He asked for "[r]eview of the issue before a constitutionally protected 7th amendment jury trial." Id. at 7.

The Court concluded that it lacked jurisdiction under § 2241 to consider Petitioner's claims and dismissed the petition. ECF No. 3.  It declined to transfer the petition to the Eleventh Circuit for consideration as a request for permission to file a second or successive § 2255 motion.  ECF No. 2 at 5-6.

Petitioner now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 4.

II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A.

3

Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Ruscavage v. Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

III. ANALYSIS

Petitioner argues the Court erred when it "construe[d] this § 2241 Petitioner as attacking the validity of the conviction or sentence as a § 2255 motion." ECF No. 4 at 1. He asserts he is not challenging his conviction or sentence "ONLY the arrest, the more than 40-months of detention, and the prosecution that all occurred long before either the conviction or sentence." Id. at 1-2. According to Petitioner, the 1976 Treaty "states that an accused, 'shall not be detained, prosecuted, or punished for an accusation that is not punishable in both Countries' being both the United States AND Canada." Id. at 2 (emphasis omitted). He claims that the conduct for which he was arrested "is not only non-punishable in Canada, it is rendered non-criminal in both Canada and Georgia which in turns bars its prosecution thereby based upon these undisputed facts in the case under the described articles of the treaty." Id. He further argues that his prior arguments premised on violations of international law

4

were based on the "Universal Declaration of Human Rights, the International Covenant on Civil and Political Rights, and Presidential Executive Order No. 13107" and that no court has considered his 1976 Treaty argument. Id.

Petitioner asks this Court to empanel a jury to decide "whether the arrest, detention, prosecution, and continued punishment (in the state of New Jersey) of the accused in this case, is in violation of Constitution or 1976 Extradition Treaty between the United States and Canada." Id. at 5. First, there is no constitutional right to a trial by jury of the issues in a habeas corpus proceeding. See Barry v. White, 64 F.2d 707, 709 (D.C. Cir. 1933); Smith v. Wilson, 196 F. App'x 430, 431 (7th Cir. 2006) ("A collateral attack is not an action 'at law' to which the seventh amendment applies."). Second, any habeas challenge to Petitioner's pretrial custody became moot after his conviction. Petitioner is currently in custody pursuant to the judgment of the Northern District of Georgia, not the arrest warrant.

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). To assert that the underlying conduct is not a crime is to attack the validity of the convictions based on those facts. This Court is bound by Third

5

Circuit precedent, which does not permit prisoners to challenge their federal convictions' validity under § 2241 except in extremely limited circumstances that are not applicable to Petitioner's claim.  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).  Petitioner could have challenged his arrest, detention, and conviction under the 1976 Treaty before the trial court or on direct appeal; it is irrelevant that Petitioner "did not have a copy of the treaty" until over forty years after its implementation.  ECF No. 1 at 6.  See Bruce, 868 F.3d at 180.  Crossing state lines with the intent to engage in a sexual act with a person under 12 years of age, using a computer to entice a minor to engage in unlawful sexual activity, and possession of child pornography are unequivocally crimes within the United States.[3]

Petitioner has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice.

---

[3] Petitioner "was indicted for arranging a meeting over the internet with a person he believed to be a mother interested in incest with her 11-year old daughter, having sexual conversations in the same vein with the girl he believed to be the 11-year old daughter, traveling to the Northern District of Georgia to meet the woman and her daughter at a local restaurant prior to their sexual encounter, and possessing child pornography."  United States v. Schumaker, 479 F. App'x 878, 881-82 (11th Cir. 2012).

Therefore, the Court shall deny the motion for relief from judgment.

IV. CONCLUSION

For the foregoing reasons, the motion for relief from judgment will be denied.

An appropriate order will be entered.

Dated: December 3, 2021          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.